UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VITALE KAVANAUGH                                    CIVIL ACTION

VERSUS                                             NO: 26-464

AFFIRM, INC.                                       SECTION: "A" (3)


**ORDER**

The following motions are before the Court: **Motion to Remand (Rec. Doc. 9)** and **Amended Motion to Remand (Rec. Doc. 11)** filed by the plaintiff, Vitale Kavanaugh, in proper person. The defendant, Affirm, Inc., incorrectly named as Affirm Holdings, Inc., opposes the motions. The motions, noticed for submission on April 1, 2026, are before the Court on the briefs without oral argument.

Plaintiff, who is unrepresented, filed a petition for damages in state court against Affirm arising out of his purchase of a pool table. Plaintiff did not receive the pool table, which he contends was lost in transit, and he experienced significant frustration when dealing with the vendor about this issue. The Court gleans from the plaintiff's documents that Affirm provided the financing for the purchase transaction. And when the plaintiff did not pay as promised for the pool table, Affirm took actions that negatively impacted the plaintiff's credit.

Affirm removed the case to federal court asserting not only federal question jurisdiction under 28 U.S.C. § 1331, given the plaintiff's invocation of the Fair Debt Collection [Practices] Act, but also diversity of citizenship under 28 U.S.C. § 1332(a)(1),

1

given that the parties are of diverse citizenship and the plaintiff expressly seeks $250,000.00 in damages.

Plaintiff now moves to remand the case back to state court explaining that his case is really a state law dispute, and that he lacks the skill necessary to effectively prosecute his case in a federal court.

Unfortunately, the Court sees no legal basis pursuant to which it can remand this case to state court. Even if the Court were to interpret the plaintiff's position in his motions to remand as seeking to withdraw any claim arising under federal law (in which case the Court would then have discretion under 28 U.S.C. § 1367(c)(3) to decline jurisdiction over the supplemental state law claims and remand the case), the presence of diversity jurisdiction provides an independent basis for original (not supplemental) jurisdiction over the state law causes of action. The Court has no discretion to decline jurisdiction over claims that fall within its original subject matter jurisdiction. Under federal law, when the parties are of diverse citizenship (which they are in this case) a federal court has jurisdiction when the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff's demand for $250,000.00 is far beyond that threshold amount. And even if the plaintiff were now willing to lower his demand to $75,000.00, the Court would nonetheless be compelled to deny his motion to remand because once jurisdiction has attached (and in this case it has), an amendment to the pleadings to limit damages for jurisdictional purposes cannot divest the Court of jurisdiction. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

Accordingly, and for the foregoing reasons,

2

3

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 9)** and **Amended Motion to Remand (Rec. Doc. 11)** filed by Plaintiff, Vitale Kavanaugh, are **DENIED**.

April 8, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE