UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VITALE KAVANAUGH                                    CIVIL ACTION

VERSUS                                             NO: 26-464

AFFIRM, INC.                                       SECTION: "A" (3)

### ORDER

The following motion is before the Court: **Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 18)** filed by the defendant, Affirm, Inc., incorrectly named as Affirm Holdings, Inc. The plaintiff, Vitale Kavanaugh, in proper person, opposes the motion. The motion, noticed for submission on April 15, 2026, is before the Court on the briefs without oral argument.

Plaintiff, who is unrepresented, filed a petition for damages in state court against Affirm arising out of his purchase of a pool table. Affirm provided the financing for the purchase transaction. Plaintiff maintains that he did not receive the pool table, which he contends was lost in transit, and he experienced significant frustration when dealing with the vendor (Pool Warehouse) and shipper (CEVA) about this issue. Plaintiff received a partial refund from the vendor, and this refund was sent to Affirm to reduce the outstanding loan balance. Plaintiff successfully financed through Affirm the purchase of another pool table from another vendor. But Plaintiff did not pay the remaining loan balance to Affirm for the first pool table. When Plaintiff did not pay as promised and the loan became overdue, Affirm charged off the debt and reported the delinquency to

1

consumer credit agencies. According to Plaintiff, this negatively impacted his credit score and his quality of life.

Plaintiff continues to dispute the factual circumstances surrounding the delivery or non-delivery of the first pool table. That particular dispute was with Pool Warehouse not with Affirm, who merely provided financing for the purchase. In this lawsuit, Plaintiff has elected to sue Affirm and not Pool Warehouse because it is Affirm "ruining" his credit. (Rec. Doc. 1-2 at 30, Petition at 2). It appears from the record that Plaintiff used AI to determine that Affirm should not have held him responsible for the remaining loan balance, and therefore should not have reported him to the credit agencies for failing to pay his loan balance. (Rec. Doc. 1-2 at 70).

Affirm removed the case to federal court. The Court denied Plaintiff's motion to remand. (Rec. Doc. 20, Order).

Affirm now moves to dismiss this action with prejudice, arguing that Plaintiff fails to state a claim against Affirm for which relief may be granted under any of the legal theories asserted. Affirm argues that as a matter of law, it is not a debt collector for purposes of the Fair Debt Collection Practices Act (FDCPA). To the extent that Plaintiff, intended to assert a claim under the Fair Credit Reporting Act (FCRA),[1] Affirm argues that Plaintiff has no cause of action, and that the statute preempts Plaintiff's state law claims for deceptive trade practices and emotional distress.

In his opposition, Plaintiff does not address any of Affirm's legal arguments as to why his claims fail as a matter of law. Instead, Plaintiff continues to argue about the

---

[1] Plaintiff does not expressly invoke the FCRA but instead cites "COMSUMER [SIC] RIGHTS VIOLATIONS FALSIFYING CREDIT REPORT," (Rec. Doc. 1-2 at 29, Petition at 1), which Affirm (and the Court) assumes is a reference to the FCRA.

circumstances surrounding the delivery or non-delivery of the first pool table, and asks the Court to review the emails between himself and Pool Warehouse regarding the first pool table. Plaintiff advises that Pool Warehouse has lied to Affirm about the table being rejected, which according to Plaintiff is not what occurred. (Rec. Doc. 19, Opposition at 1). Plaintiff explains that he spoke to some attorneys about his case against Affirm but none would take his case so he expects to lose due to lack of legal representation. (*Id.* at 3).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

In the context of a Rule 12(b)(6) motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)).

However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

In order to state a claim under the FDCPA, 15 U.S.C. § 1681, *et seq.*, the plaintiff must show that the defendant is "a debt collector" as defined by the FDCPA. *Hawkins v. I.C. Sys., Inc.*, No. 25-2194, 2026 WL 497165, at * 3 (S. D. Tex. Feb. 23, 2026); 15 U.S.C. § 1692a(6). Affirm is a finance company and is not a company whose principal purpose is the collection of debts. Affirm was the creditor with whom the debt originated. As a matter of law, Affirm is not a debt collector for purposes of the FDCPA, so Plaintiff fails to state a claim under the FDCPA.

The FCRA imposes a duty on furnishers of information to consumer reporting agencies to provide accurate information. *See* 15 U.S.C. § 1681s-2(a). Affirm points out that courts in this circuit uniformly recognize that this section does not provide a private right of action. But even if it did, there is no allegation that Affirm sent any inaccurate information to any credit reporting agency.

Section 1681s-2(b) imposes certain duties on furnishers of information to consumer reporting agencies ***after receiving notice of a dispute pursuant to § 1681i(a)(2)*** with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency. The Fifth Circuit has recognized that there is a private right of action for violations of this section. *See, e.g., Hall v. LVNV Funding, LLC*, 738 Fed. Appx. 335, 336 (5th Cir. 2018) (citing 15 U.S.C. § 1681o(a); *Smith v. Santander Consum. USA, Inc.*, 703 F.3d 316, 317 (5th Cir. 2012) (not published)).

When such notice is received, the furnisher has a duty to conduct an investigation with respect to the disputed information, review all relevant information provided by the consumer reporting agency, report the results of the investigation to the consumer reporting agency, and if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information. 15 U.S.C. § 1681s-2(b)(1)(A)-(E).

Affirm contends that the duties placed on a furnisher of information under the FCRA were not triggered because Affirm did not receive notice of a dispute from any of the credit reporting agencies. And the reason that Affirm did not receive notice of a dispute from any of the credit reporting agencies is that Plaintiff did not actually send such a dispute to any of the credit reporting agencies. Affirm points out that Plaintiff does not allege that he sent a dispute to any credit reporting agency, which is the requisite factual predicate of any § 1681s-2(b) violation.

Affirm is correct. There is no evidence that Affirm received notice of a dispute from a credit reporting agency following a notice of dispute from Plaintiff. Plaintiff attached to his opposition a complaint that he filed with the Consumer Financial Protection Bureau on March 6, 2026, (Rec. Doc. 19-5), which was _after_ Plaintiff filed this lawsuit. Nonetheless, the complaint was investigated but did not result in any relief in Plaintiff's favor. The pleadings present no facts to support an FCRA violation by Affirm.

Finally, given that the text of 15 U.S.C. § 1681t does not unambiguously foreclose Plaintiff's state law claims for unfair trade practices and emotional distress, the Court finds itself unmoved by the two non-reasoned district court decisions that Affirm cites for the contention that the claims are preempted by the FCRA. But nonetheless,

5

the facts alleged in this case simply do not rise to the level of a claim under the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. § 51:1405, *et seq.*, or a tort claim for intentional infliction of emotional distress. A LUTPA claim must allege some element of fraud, misrepresentation, deception, or other unethical conduct on the part of the defendant. *Dufau v. Creole Engr, Inc.*, 465 So. 2d 752, 758 (La. App. 5th Cir. 1985). An intentional infliction of emotional distress claim must allege severe and outrageous conduct on the part of the defendant. *Simmons v. State, Dep't of Child. & Fam. Servs.*, 171 So. 3d 1147, 1151 (La. App. 4th Cir. 2015) (citing *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991)).

Plaintiff's facts vis à vis Affirm do not come close to the level of extreme conduct necessary to support either of his state law claims.

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the **Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 18)** filed by the defendant, Affirm, Inc., is **GRANTED**. This action is dismissed with prejudice.

May 4, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

6